UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEMETRE LONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00329-WTL-WGH |
| ) | |
| SUPERINTENDENT, Putnamville ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry and Order Dismissing Action**

Petitioner Demetre Long was disciplined in a proceeding identified as No. ISF13-07-0151. Contending that the disciplinary proceeding is tainted with constitutional error, Long seeks a writ of habeas corpus. Having examined such petition, and being duly advised, the court finds that Long's petition must be denied.

**Discussion**

Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Long.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

In the challenged proceeding, Long was charged with and found guilty of assault with bodily fluids. The only challenge Long makes to this proceeding is to the sufficiency of the evidence. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the [disciplinary hearing officer] is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992).[1]

The evidence favorable to the decision of the hearing officer includes the conduct report which details the course of events that led to Long spitting on Officer Kemp and two separate witness statements provided by Officers Worthington and Siletto who were present during the incident. See dkt. 16-1. This evidence is sufficient to support the hearing officer's decision. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Long to the relief he seeks.

---

[1] Long requests that this court review video of the incident, but there is no video evidence in the record, nor did Long request that such evidence be considered at his disciplinary hearing. Accordingly, this request is **denied.**

Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

Petitioner's motion for decision [dkt. 17] is **granted** consistent with this Entry.

**IT IS SO ORDERED.**

Date: 12/11/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DEMETRE LONG
DOC # 104196
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel